**Fredy Horacio POSADA-MARTINEZ,
Petitioner**

v.

**ATTORNEY GENERAL OF
the UNITED STATES of
America, Respondent.**

**No. 11–3059.**

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) March 15, 2012.

Opinion Filed: April 18, 2012.

---

Fredy Horacio Posada–Martinez, Patterson, NJ, pro se.

Eric H. Holder, Jr., Esq., Thomas W. Hussey, Esq., Andrew J. Oliveira, Esq., Christina B. Parascandola, Esq., United States Department of Justice, Office of Immigration Litigation, Civil Division, Washington, DC, for Respondent.

Before: CHAGARES, VANASKIE and STAPLETON, Circuit Judges.

## OPINION

PER CURIAM.

Fredy Horacio Posada–Martinez petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motion to remand. For the following reasons, we will deny the petition for review.

Posada–Martinez, a native and citizen of Colombia, entered the United States unlawfully in 2005. We reviewed the facts and procedural history in a previous opinion, and incorporate that history here by reference. See Posada–Martinez v. Att'y Gen., 370 Fed.Appx. 332 (3d Cir.2010). We previously concluded that Posada–Martinez was not entitled to asylum or withholding of removal and that he had failed to exhaust his claim for relief under the Convention Against Torture ("CAT"). We also concluded that the BIA did not abuse its discretion in denying Posada–Martinez's motion to remand with respect to his claims for asylum and withholding of removal. However, we determined that the BIA failed to address Posada–Martinez's motion to remand with respect to his CAT claim. Therefore, we remanded the matter to the BIA to address the limited issue of whether Posada–Martinez's CAT claim should be remanded to the Immigration Judge ("IJ") in light of the new evidence of his brother's death in 2008. On remand, the BIA denied his motion to remand. The BIA determined that despite the new evidence, Posada–Martinez failed to establish that he was prima facie eligible for protection under CAT. Posada–Martinez then filed a petition for review.

We have jurisdiction to review the BIA's denial of Posada–Martinez's motion to remand pursuant to 8 U.S.C. § 1252(a). We review the BIA's denial of a motion to remand for abuse of discretion and review findings of fact for substantial evidence. Huang v. Att'y Gen., 620 F.3d 372, 390 (3d Cir.2010); Sevoian v. Ashcroft, 290 F.3d 166, 174–75 (3d Cir.2002). Under the abuse of discretion standard, we will not disturb the BIA's decision unless it is "arbitrary, irrational, or contrary to law." Sevoian, 290 F.3d at 174 (citation omitted).

A motion to remand based on new evidence is treated as a motion to reopen the record. Huang, 620 F.3d at 389. Therefore, the alien must show that the "evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing," and the alien must establish a prima facie case for the relief sought. Id. (quoting 8 C.F.R. § 1003.2(c)(1)). In this case, there is no dispute that the evidence of his brother's death was not available and could not have been discovered at Posada–Martinez's initial hearing before the IJ. Thus, Posada–Martinez must establish that it is more likely than not that he will be tortured by or with the acquiescence of governmental authorities if re-

moved to Colombia. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1).

Posada–Martinez requested that the BIA remand his CAT claim to the IJ based on evidence of his brother's murder in the area denominated Risaralda. Posada–Martinez noted that he had been threatened by the Revolutionary Armed Forces of Colombia ("FARC") in the Risaralda area. Posada–Martinez reasoned that because his brother's murder occurred in the same area where he was threatened by FARC, his brother must have been murdered by FARC.

Although his brother's death is certainly tragic, this evidence does not establish that Posada–Martinez is prima facie eligible for relief under CAT. Substantial evidence supports the BIA's finding that "there is no indication ... of why [Posada–Martinez's] brother was killed." The inspection report Posada–Martinez submitted as evidence of his brother's death does not indicate why Posada–Martinez's brother was killed or state who killed him. The only evidence linking his brother's death to FARC is a complaint by Posada–Martinez, in which he states that his brother was also a victim of FARC extortion and "was violently killed ... presumably by [FARC]." Thus, the evidence of his brother's death does not establish that it is more likely than not that Posada–Martinez will be tortured if removed to Colombia. *See* 8 C.F.R. § 1208.16(c)(2).

For these reasons, Posada–Martinez failed to establish a prima facie case for CAT relief. The BIA did not abuse its discretion in finding that Posada–Martinez's newly submitted evidence did not warrant a remand to the IJ.

Accordingly, we will deny the petition for review.